## Haiman Lowy v. Anton Boenert et al.

1. MORTGAGES—*Liability of the Purchaser of an Equity of Redemption.*—Where a party purchases an equity of redemption, receives possession and has the profits, entering into no obligation to pay the mortgage, he assumes an obligation to indemnify the vendor against the personal obligation to pay the money due upon the vendor's transaction of mortgage, but not beyond the value of the land conveyed to him. If the mortgage debt be afterward paid by the mortgagor, equity will compel the purchaser to refund the money so paid or give up the property. He may discharge himself of the obligation to indemnify the mortgagor by returning the lands to him.

2. SAME—*Liability Where Purchaser Assumes Mortgage Debt as Part of Consideration.*—Where, by the terms of the agreement between the vendor and purchaser of the premises incumbered by a mortgage, the mortgage debt forms a part of the consideration, and an abatement is made in the price on account thereof, equity raises upon the conscience of the purchaser the obligation to indemnify the grantor against the mortgage debt. In such case, if the grantor pays the mortgage debt, the purchaser is liable to the grantor to indemnify him whether the mortgaged property be sufficient in value for that purpose or not.

3. SAME—*Covenant Against Incumbrances in Deed Does Not Preclude Evidence of Facts as to Purchase of Mortgaged Premises.*—The fact that a deed to mortgaged premises contains a recital that the consideration had been paid and also contains a covenant against incumbrances, does not preclude the admission of evidence to prove an agreement of the grantee to assume the payment of the mortgage on the premises.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in

Lowy v. Boenert.

the Branch Appellate Court at the October term, 1902.   Reversed and remanded with directions.   Opinion filed October 9, 1903.

CONSIDER H. WILLETT, attorney for appellant.

To extend the time of payment of a promissory note, and reduce its rate of interest, is a new contract. The parties to it are the maker and the holder of the promissory note.

If for more than a year, the parties to be charged, the maker and the holder, must sign and make the extension contract and the reduction of the interest in writing. Hyde & Leather Bank v. Alexander, 184 Ill. 416; Amberg v. Nachtway, 92 Ill. App. 608.

The assignee of a past due negotiable note takes it subject to every legal and equitable defense existing against his assignor. Such assignee stands in the shoes of his assignor. Bryan v. Primm, 1 Ill. 59; McLain v. Lohr, 25 Ill. 507; Fortier v. Darst, 31 Ill. 212; Stafford v. Fargo, 35 Ill. 481; Lock v. Fulford, 52 Ill. 166; Bradley v. Marshall, 54 Ill. 173; Reichert v. Koerner, 54 Ill. 306; Sumner v. Waugh, 56 Ill. 531; Gordon v. Wansey, 21 Cal. 77; Kellogg v. Schnaake, 56 Mo. 136; Wilson v. Bank, 45 Pa. St. 488; Bush v. Lathrop, 22 N. Y. 535; Andrews v. Gillespie, 47 N. Y. 487; Daniel on Neg. In., Sec. 725a.

Mortgages and trust deeds, being choses in action, are not assignable at law, and the assignee takes them subject to all defenses existing between the original parties at the time of the transfer. Olds v. Cummings, 31 Ill. 188; Fowler v. Fay, 62 Ill. 375; Maghee v. Robinson, 98 Ill. 458; Towner v. McClelland, 110 Ill. 542; Scott v. Magloughlin, 133 Ill. 33; McAuliffe v. Reuter, 166 Ill. 491; Beuhler v. McCormick, 169 Ill. 269; Chicago Title and Trust Co. v. Aff, 183 Ill. 91; Andrews v. Gillespie, 47 N. Y. 487.

The Ziese note was to be paid by Auguste Boenert as a part of the purchase price of the land which secured it, and, coming into her hands, it was paid and extinguished, in which condition Brosseau received it. Lilly v. Palmer, 51 Ill. 331; Burnham v. Dorr, 72 Me. 198; Byington v.

Fountain, 61 Ia. 512; Bunch v. Grave, 111 Ind. 351; Jones v. Lamar, 34 Fed. Rep. 454, 468; Dickason v. Williams, 129 Mass. 182; Putnam v. Collamore, 120 Mass. 454.

"An obligation which has been extinguished by payment can not be subsequently transferred." Wright v. Mix, 76 Cal. 465, 468; McClure v. Andrews, 68 Ind. 97; Rolfe v. Wooster, 58 N. H. 526; Bank v. Lay, 80 Va. 436.

The after-acquired title by Auguste Boenert of the Ziese note, inured, by her warranty deed, to complainant, by force of the statute.

Because of her warranty deed it became impossible for her to acquire an interest adverse to such warranty and assign it to Brosseau. Ch. 30, Sec. 7, R. S.; Gibbons v. Hoag, 95 Ill. 45; Walton v. Follansbee, 131 Ill. 147; Lewis v. Pleasants, 143 Ill. 271; Whitson v. Grosvenor, 170 Ill. 271.

The mortgagee is entitled to covenants of warranty under which the mortgagor purchased. Rose v. Schaffner, 50 Ia. 483, 486; Devlin on Deeds, Sec. 938.

The warranty deed of Auguste Boenert estopped her from acquiring any interest adverse to her warranty. Rigg v. Cook, 9 Ill. 336, 348; Transportation Co. v. Gill, 111 Ill. 541, 556; Walton v. Follansbee, 131 Ill. 147; Way v. Roth, 159 Ill. 162, 168; Butler v. Seward, 92 Mass. (10 Allen) 466; Wadsworth v. Williams, 100 Mass. 126; Mickles v. Townsend, 18 N. Y. 575; 2 Pom. Eq. (2d Ed.), p. 1105, N. 1, Ca. cited; Devlin on Deeds, Sec. 1346.

SAMSON & WILCOX, attorneys for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The controversy in this case is as to the priority of a mortgage in the form of a trust deed held by appellee Brosseau, over a similar mortgage held by appellant. Brosseau's mortgage covered eighty acres of land, was made by William Ziese, August 26, 1878, to secure his note for $1,200, payable three years after date and recorded on the day of its date.

Appellant's mortgage was made by George Gillespie to

secure his notes for $8,000, covered twenty of the eighty acres of land covered by the Ziese mortgage, and was recorded February 21, 1896.

Ziese sold and conveyed by warranty deed March 30, 1883, to Auguste Boenert, the premises covered by his mortgage. She at once took possession of the premises so conveyed and remained in possession of that portion thereof covered by the Gillespie mortgage, and received the rents and profits until after the bill in this case was filed.

Prior to 1893 she made several agreements with Coombs, the holder, or agent of the holder, of the mortgage note, for extensions thereof, which were indorsed on said note.

In 1890, at her request, the holder of said mortgage released forty acres, in 1891 twenty acres more, of the land covered by the Ziese mortgage, from the lien thereof.

February 26, 1893, the Ziese mortgage note by the terms of its latest extension became due, and the holder then, as a condition of any further extension, demanded a note payable in gold. Thereupon, Auguste Boenert and Anton Boenert, her husband, made and delivered to Coombs, the holder of the Ziese mortgage note, their note for $1,200, payable in gold three years after date, with interest, and Coombs retained the Ziese note as collateral security for the gold note.

Auguste Boenert, in the spring of 1896, paid to Coombs the $1,200 gold note in full, and the same was canceled and surrendered to her, and at the same time the Ziese mortgage note was delivered to her uncanceled.

Auguste Boenert and her husband conveyed to George Gillespie, by warranty deed, dated July 21, 1895, and recorded February 21, 1896, the twenty acres of land covered by the Ziese mortgage, which had not been released from the lien thereof. Neither in the deed from Ziese to Auguste Boenert, nor in that of Auguste Boenert to Gillespie, is any mention made of the Ziese mortgage.

Gillespie made and delivered to Auguste Boenert his notes for $8,000 and a mortgage in the form of a trust deed, to secure the same upon the premises so conveyed to him, which was recorded February 21, 1896.

Auguste Boenert, soon after she received said Gillespie note, transferred the same to appellant as collateral security for a loan of $6,000. She retained the Ziese mortgage note in her possession from 1896 until February 1, 1898, when she sold and transferred the same to appellee Brosseau.

The decree appealed from, gives the lien of the Ziese mortgage priority over that of the Gillespie mortgage, and it is this portion and feature of the decree alone of which complaint is made. One of the contentions of appellant is that upon the facts disclosed by this record the lien and equity of appellee Brosseau, under the Ziese mortgage, should, as against the lien and equity of appellant under the Gillespie mortgage, date from February 21, 1898, the date of the transfer of the Ziese mortgage note to Brosseau, and not from February 1, 1878, the date of the record of the Ziese mortgage. No authority is required in support of the propositions that Brosseau, in 1898, took the Ziese mortgage subject to the equities then existing as to the same in favor of Ziese, the mortgagor, as against Auguste Boenert, Brosseau's assignor, but not subject to latent equities in favor of third persons, nor was he charged with notice of the Gillespie mortgage by its record, and that appellant, as the mortgagee of Ziese's grantee, may in this suit assert as against Brosseau, the equities existing in favor of Ziese against Auguste Boenert at the time of the transfer of the Ziese note to Brosseau.

In the view we take of this case, it is not necessary to decide whether Auguste Boenert, at the time of her purchase from Ziese, in terms promised Ziese to pay the mortgage debt. Ziese conveyed to her the equity of redemption. She took possession of the mortgaged premises so conveyed to her and remained in possession of that portion thereof involved in this case, receiving the rents and profits therefrom until after the bill in this case was filed.

The obligations of a purchaser of an equity of redemption under such circumstances are thus stated by Lord Eldon in Waring v. Ward, 7 Ves. 332:

"If he enters into no obligation with the party from

whom he purchases, neither by bond nor covenant of indemnity, to save him harmless from the mortgage, yet this court, if he receives possession and has the profits, would, independent of contract, raise upon his conscience an obligation to indemnify the vendor against the personal obligation to pay the money due upon the vendor's transaction of mortgage; for, being become owner of the estate, he must be supposed to intend to indemnify the vendor against the mortgage.

"The purchaser in such case does not assume any liability beyond the land conveyed to him. If the mortgage debt be afterward paid by the mortgagor, equity will compel the purchaser to refund the money so paid or give up the property. He may discharge himself of the obligation to indemnify the mortgagor by returning the lands to him." 1 Jones on Mortgages, 757.

But the proofs in our opinion show more than a mere purchase by Auguste Boenert of the equity of redemption, possession and receiving profits. They show that the mortgage debt formed a part of the consideration and that an abatement in the price was made on account thereof. Ziese testified that a part of the consideration was his note for $1,500. Anton Boenert testified that Ziese said to him: "If you or your wife or whoever buys the property gives me so much for my equity, I will convey the property and go to Dakota;" that the consideration in the deed was made $8,000, because the land was then considered worth $100 per acre. Auguste Boenert was not interrogated on the subject. This testimony must be considered in connection with the circumstances of the purchase and the subsequent acts and conduct of the parties. Auguste Boenert, in fact, paid Ziese only $1,200. She treated the Ziese mortgage note as her own debt from the day of the purchase. She paid the interest on that note for thirteen years and then paid the full amount of the principal. She agreed with the holder for extensions. She procured releases of sixty acres of the eighty acres of land covered by the mortgage, and did all this without consulting Ziese, without his knowledge and without asking him to pay anything on account of the mortgage debt.

Where, by the terms of the agreement between the vendor

and purchaser of the premises incumbered by a mortgage, the mortgage debt forms a part of the consideration, and an abatement is made in the price on account thereof, equity raises upon the conscience of the purchaser the obligation to indemnify the grantor against the mortgage debt. In such case, if the grantor pays the mortgage debt, the purchaser is liable to the grantor to indemnify him, whether the mortgaged property be sufficient in value for that purpose or not. 1 Jones on Mortgages, Sec. 751; Tichenor v. Dodd, 4 N. J. Eq. 454; Thompson v. Thompson, 4 Ohio St. 333.

It is not material to inquire to which of the two cases supposed, this mortgage belongs. If to the first, if Auguste Boenert was in equity bound to indemnify Ziese against the mortgage debt only to the extent of the value of the property purchased, still, she, by conveying away the greater part of that property, put it out of her power to discharge her obligation to Ziese by releasing to him the premises purchased, and hence, in either case, the only just method in which she could perform her obligation to Ziese was to discharge the mortgage debt.

With the equitable obligation to Ziese to indemnify him against his mortgage note resting upon her, Auguste Boenert, in 1896, paid the amount of that mortgage note to the holder thereof, and as against appellant, who, as has been said, may assert, as to said mortgage note, the equities Ziese might assert, the transaction must be held a payment and discharge, and not a purchase and assignment of said mortgage note.

The fact that the deed to Auguste Boenert contained a recital that the consideration had been paid and a covenant against incumbrances, does not estop appellant from proving the facts as to the purchase of the mortgaged premises. 1 Jones on Mortgages, 750; Wilson v. King, 23 N. J. Eq. 150.

The decision of the Circuit Court will be reversed and the cause remanded to that court, with directions to enter a decree, giving to appellant a first, and to appellee Bros-

seau a second lien on the premises in question for the amounts by the present decree found due to them respectively.

Mr. Justice STEIN took no part in the decision of this case.